UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6256 CAS (MANx) | Date | November 3, 2011 |
|---|---|---|---|
| Title | KATHRYN O. SMITH, ET AL. v. WELLS FARGO BANK, N.A, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   (In Chambers:) DEFENDANT WELLS FARGO'S MOTION TO DISMISS (filed 09/16/2011)

DEFENDANT MATRIX'S MOTION TO DISMISS (filed 10/17/2011)

**I.   INTRODUCTION AND BACKGROUND**

The Court finds these motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing dates of November 7, 2011, and November 28, 2011, are hereby vacated, and the matters are taken under submission.

On June 20, 2011, plaintiffs Kathryn O. Smith and Michael W. Ball (collectively, "plaintiffs") filed a complaint in Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"); Matrix Services ("Matrix"); Fidelity National Title Ins. Co ("Fidelity"); Assured Lender Services, Inc. ("Assured"); and DOES 1-100. Plaintiffs' complaint alleged a litany of claims against defendants including violations of RICO, 18 U.S.C. § 1961 et seq.; Cal. Bus. & Prof. Code § 17200 et seq.; and California's Rosenthal Act, Cal. Civ. Code § 1788.

On July 28, 2011, defendants removed this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331. In addition to plaintiff's RICO claim, Marix noted that several of plaintiff's state law claims were predicated on underlying violations of federal law. Notice of Removal ¶ 3; Compl. ¶¶ 141, 158, 220, 251-252. Specifically, plaintiffs' sixth cause of action for Cal. Bus. & Prof. Code § 17200 et seq. arose, in part, from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and the Home Ownership and Equity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6256 CAS (MANx) | Date | November 3, 2011 |
|---|---|---|---|
| Title | KATHRYN O. SMITH, ET AL. v. WELLS FARGO BANK, N.A, ET AL | | |

Protection Act ("HOEPA"), 15 U.S.C. § 1639. Compl. ¶¶ 141, 158. Further, plaintiffs' eleventh cause of action for violation of California's Rosenthal Act, Cal. Civ. Code § 1788, arose, in part, from violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601–17. Id. ¶ 220.

On August 24, 2011, plaintiffs filed their first amended complaint ("FAC") against Wells Fargo, Matrix, Assured and DOES 1–100 (collectively, "defendants").[1] Plaintiffs' FAC alleges claims for (1) deceit pursuant to Cal. Civ. Code § 1709–1710; (2) predatory lending pursuant to Cal. Fin. Code §§ 4970–4979.8; (3) promissory estoppel; (4) fraud by intentional misrepresentation; (5) fraud by concealment; (6) quiet title; (7) violation of Cal. Civ. Proc. §§ 2934(d)–(e); (8) mistake; and (9) wrongful foreclosure in violation of Cal. Civ. Code § 2924.

On September 16, defendant Wells Fargo filed a motion to dismiss the FAC. On October 17, 2011, defendant Matrix filed a separate motion to dismiss the FAC.

## II.   LEGAL STANDARD

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9–10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any

---

[1] Plaintiffs omitted Fidelity as a defendant in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6256 CAS (MANx) | Date | November 3, 2011 |
|---|---|---|---|
| Title | KATHRYN O. SMITH, ET AL. v. WELLS FARGO BANK, N.A, ET AL | | |

defect in removal procedure.  See 28 U.S.C. § 1447(c).  Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.  U.S.C. § 1446(b) requires notice of removal to be filed within thirty days (30) of receipt, by the defendant, of the initial pleading setting forth the claim for relief.

### III.   DISCUSSION

Plaintiffs' original complaint alleged defendants violated federal law, namely, RICO, 18 U.S.C. § 1961 et seq.  Further, plaintiffs' original complaint alleged state law claims, Cal. Bus. & Prof. Code § 17200 et seq. and Cal. Civ. Code § 1788, which were predicated on violations of federal law.  Plaintiffs' FAC no longer includes claims for violations of RICO, 18 U.S.C. § 1961 et seq.; Cal. Bus. & Prof. Code § 17200 et seq.; and Cal. Civ. Code § 1788.  Further, plaintiffs' FAC does not include any new federal claim or state claim solely predicated on violations of federal law.

In view of plaintiffs' dismissal of all federal claims, and in light of the fact that the Court has not yet addressed any material motion, the Court declines to exercise supplemental jurisdiction over plaintiff's common law and state law claims.  28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

### IV.   CONCLUSION

Accordingly, the Court REMANDS this action to the Los Angeles Superior Court.  Defendants' motions to dismiss are hereby DENIED as moot.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6256 CAS (MANx) | Date | November 3, 2011 |
|---|---|---|---|
| Title | KATHRYN O. SMITH, ET AL. v. WELLS FARGO BANK, N.A, ET AL | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |